**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MANUELA ROSARIO** o/b/o ) | **CASE NO. 1:07CV120** |
| **CARLOS ROSARIO** ) | |
| ) | |
| **PLAINTIFF** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| V. ) | |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | **MEMORANDUM OPINION** |
| **SECURITY,** ) | **AND ORDER** |
| ) | |
| ) | |
| **DEFENDANT.** ) | |

This matter is an action to review a final decision of the Commissioner of Social Security denying Plaintiff's application for (1) disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423 *et seq*, and (2) supplemental security income (SSI) pursuant to 42 U.S.C. §1381, *et seq*.

On January 17, 2007, pursuant to L.R. 72.2, this matter was automatically referred to Magistrate Judge James S. Gallas for preparation of a report and recommendation. (Dkt. # 3). On August 20, 2008, the Magistrate Judge issued a Report and Recommendation, recommending that the Court remand this case to the Commissioner. (Dkt. # 20). Defendant timely filed objections to the Magistrate's Report and Recommendation on September 3, 2008. (Dkt. # 21). Plaintiff filed a response to Defendant's objections on September 12, 2008. (Dkt. # 22).

This Court's review of the decision of the ALJ, which was adopted by the Commissioner of Social Security, is limited to a determination of whether that decision was supported by substantial evidence. 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec. of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, it is not within the purview of the Court to weigh the evidence anew and draw its own conclusions.

Defendant does not dispute that Carlos Rosario ("Mr. Rosario") became disabled on December 31, 1991. Defendant also does not dispute that Mr. Rosario's disability continued until his death on September 20, 2001.

The Magistrate Judge found that Mr. Rosario's November 30, 1998 supplemental security income benefits ("SSI") application could be considered a "constructive application" for disability insurance benefits ("DIB"). Defendant does not object to this finding. Instead, Defendant objects to the Magistrate Judge's interpretation of C.F.R. § 404.315.

Defendant contends that because Mr. Rosario's insured status expired on September 30, 1995–nine months before his waiting period began on July 1, 1996–Mr. Rosario is not entitled to DIB benefits. According to Defendant, Mr. Rosario must have been disabled and insured on July 1, 1996 in order to qualify for DIB benefits.

The record, however, demonstrates that (1) Mr. Rosario was disabled for more than five consecutive months while he was insured for DIB benefits, and (2) Mr. Rosario's waiting period elapsed more than 17 months prior to the November 30, 1998 constructive DIB application. Thus, Plaintiff has satisfied the requirements of C.F.R. § 404. 315(a)(4). Defendant has cited no case law to support his contention that C.F.R. § 404. 315(a)(4) acts to bar retroactive payments of DIB

benefits when the applicant files his application over 17 months after the applicant's insured status has expired.

The Court has reviewed the Report and Recommendation of Magistrate Judge Gallas *de novo* and finds that it is well-supported, and that Defendant's objections are without merit. Therefore, the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED**. (Dkt. # 20). This matter is **REMANDED** to the Commissioner to modify its May 27, 2003 decision to include an award of disability insurance benefits based on a constructive application from November 30, 1998.

**IT IS SO ORDERED** .

> **/s/ Peter C. Economus - September 29, 2008**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**